UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

ONEIDA LTD.,

                Plaintiff,

    v.

BON CHEF, INC.,

                Defendant.

-------------------------------------------------------------------

Civil Action No.: 5:11-CV-1430
(MAD/ATB)

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Oneida Ltd. ("Oneida"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby alleges as its Complaint against defendant Bon Chef, Inc. ("Bon Chef") as follows:

### JURISDICTION

1.    This is an action for design patent infringement brought under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq.*, and for false advertising under the federal Lanham Act, 15 U.S.C. § 1125(a).

2.    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### PARTIES

3.    Oneida is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 163-181 Kenwood Avenue, Oneida, New York.

1928170.2

4. Upon information and belief, Bon Chef is a corporation organized and existing under the laws of the State of New Jersey, and is authorized to do business in the State of New York.

## DESIGN PATENT INFRINGEMENT

5. Oneida markets and sells tableware products throughout the United States, including a broad selection of stainless steel flatware.

6. Oneida is the owner of all right, title and interest in U.S. Design Patent No. 578,357 ("the '357 patent"), which duly issued on October 14, 2008.

7. Oneida has discovered that Bon Chef is importing, offering for sale and/or selling flatware with substantially the same design as that depicted and claimed in the '357 patent.

8. Bon Chef calls this flatware its "ROMAN" pattern.

9. The making, using, selling, offering for sale, and/or importing of this "ROMAN" flatware by Bon Chef constitutes patent infringement under 35 U.S.C. § 271.

10. Bon Chef, upon information and belief, is committing willful infringement by making, using, selling, offering for sale, and/or importing its "ROMAN" flatware with knowledge that the products infringe the '357 patent.

11. On November 8, 2011, Oneida notified Bon Chef in writing that it considered the manufacture and sale of the "ROMAN" flatware to be an infringement of the '357 patent and demanded that Bon Chef cease and desist from further infringing the '357 patent.

12. Bon Chef has failed to cease and desist the infringing acts.

13. Bon Chef's willful infringement and deliberate disregard for Oneida's statutory rights warrant a trebling of damages pursuant to 35 U.S.C. § 284, and a finding that this case is exceptional under 35 U.S.C. § 285, thereby entitling Oneida to an award of costs and attorneys' fees.

14. Oneida has no adequate remedy at law.

## FALSE ADVERTISING

15. The designation "18/10" is stamped on at least some promotional samples of Bon Chef's "ROMAN" flatware. The designation "18/10" signifies that the flatware is made from stainless steel containing approximately 18% chromium and 10% nickel.

16. Bon Chef's product catalog describes its ROMAN flatware as being "18/8." The designation "18/8" signifies that the flatware is made from stainless steel containing approximately 18% chromium and 8% nickel.

17. The high chromium and nickel content in 18/10 and 18/8 stainless steel is known to make the steel resistant to corrosion. The high nickel content in 18/10 and 18/8 stainless steel is also known to add luster to the stainless steel.

18. For these reasons, flatware made from 18/10 or 18/8 stainless steel is particularly desirable to consumers.

19. Upon information and belief, Bon Chef's description of its ROMAN flatware as "18/10" and/or "18/8" is a false or misleading description of fact, in commercial advertising or promotion, which misrepresents the nature, characteristics, and qualities of the goods, in violation of 15 U.S.C. § 1125(a)(1)(B).

20. Testing was conducted on samples of a dinner fork, teaspoon, salad fork, and bouillon spoon from Bon Chef's "ROMAN" flatware pattern. Each of these samples

was stamped "18/10." However, the testing indicated that the dinner fork and teaspoon contained significantly less than 8% nickel, and that the dinner fork and teaspoon also contained significantly less than 18% chromium.

21. Oneida has and will continue to be damaged by Bon Chef's false advertising.

22. Oneida has no adequate remedy at law.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Oneida prays that the Court:

(a) Enter judgment that Bon Chef has infringed U.S. Design Patent No. 578,357;

(b) Enter judgment that Bon Chef's acts of infringement are willful;

(c) Enter judgment that this is an exceptional case under 35 U.S.C. § 285;

(d) Pursuant to 35 U.S.C. § 283, enjoin Bon Chef, its officers, agents, servants, and employees, and all parties who are in active concert or participation with them, from directly or indirectly making, having made, selling, offering for sale, distributing, using, or importing into the United States any products that infringe U.S. Design Patent No. 578,357;

(e) Order Bon Chef to account for and pay to Oneida damages adequate to compensate for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty;

(f) Order Bon Chef to account for and pay to Oneida all profits derived by Bon Chef from infringing U.S. Design Patent No. 578,357 under 35 U.S.C. § 289;

(g) Award Oneida treble damages pursuant to 35 U.S.C. § 284;

(h)     Award Oneida its prejudgment interest and costs pursuant to 35 U.S.C. § 284, and its attorneys' fees under 35 U.S.C. § 285;

(i)     Enjoin Bon Chef, its officers, agents, servants, and employees, and all parties who are in active concert or participation with them, from falsely advertising the nature, characteristics, or qualities of Bon Chef's goods;

(j)     Award Oneida, as recovery for Bon Chef's false advertising, (1) Bon Chef's profits, (2) Oneida's damages, (3) prejudgment interest, and (4) the costs of this action, and treble Oneida's recovery, and award Oneida its reasonable attorneys' fees, all pursuant to 15 U.S.C. § 1117; and

(k)     Grant Oneida such other and further relief as the Court may deem just and proper.

Dated:  December 7, 2011

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: *[signature]*
Louis Orbach (507815)
One Lincoln Center
Syracuse, NY 13202-1355
Telephone:  (315) 218-8000
Facsimile: (315) 218-8100

Attorneys for Plaintiff