IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEIDA LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BON CHEF, INC.,<br><br>Defendant. | Civ. Action No. 11-CV-1430 (MAD/ATB) |

**DEFENDANT BON CHEF, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Through the undersigned counsel, Defendant Bon Chef, Inc. ("Bon Chef") submits its Answer to Oneida Ltd.'s ("Oneida") Complaint. The paragraphs in this Answer are numbered to correspond to the numbered paragraphs of Oneida's claims. Except as expressly admitted below, Bon Chef denies the allegations and characterizations in Oneida's claims.

## I. ANSWER

## JURISDICTION

1. Bon Chef admits that Oneida purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271, *et seq.*, and under the federal Lanham Act, 15 U.S.C. § 1125(a), and that this Court has jurisdiction over the above statutes.

2. Bon Chef admits that venue is based on 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

3. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3, and on that basis denies those allegations.

4. Bon Chef admits that it is a New Jersey corporation but denies the remaining allegations of Paragraph 2.

## THE PATENT IN SUIT

5. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5, and on that basis denies those allegations.

6. Bon Chef admits that United States Design Patent No. 578,357 is entitled "SPOON" ("the '357 patent") and on the face of the patent it includes an October 14, 2008 "date of patent," but Bon Chef lacks knowledge sufficient to confirm or deny the remaining allegations of Paragraph 6. Bon Chef also denies that the '357 patent was validly issued.

7. Bon Chef denies the allegations of paragraph 7.

8. Bon Chef denies the allegations of Paragraph 8.

9. Bon Chef denies the allegations of Paragraph 9.

10. Bon Chef denies the allegations of Paragraph 10.

11. Bon Chef admits the allegations of Paragraph 11.

12. Bon Chef denies any claim of infringement and therefore denies the allegations of Paragraph 12.

13. Bon Chef denies the allegations of Paragraph 13.

14. Bon Chef denies the allegations of Paragraph 14.

15. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15, and on that basis denies those allegations.

16. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16, and on that basis denies those allegations.

17. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17, and on that basis denies those allegations.

18. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 18, and on that basis denies those allegations.

19. Bon Chef denies the allegations of Paragraph 19.

20. Bon Chef lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20, and on that basis denies those allegations.

21. Bon Chef denies the allegations of Paragraph 21.

22. Bon Chef denies the allegations of Paragraph 22.

## II. DEFENSES

With respect to Oneida's prayer for judgment, Bon Chef denies that Oneida is entitled to any relief against Bon Chef. Defendant Bon Chef as its Defenses to the Complaint of Plaintiff Oneida states as follows:

### FIRST DEFENSE

23. The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

24. The ’357 has not been and is not infringed by Bon Chef.

**THIRD DEFENSE**

25. Plaintiff’s claims are barred in whole or in part due to prosecution history estoppel, and/or prosecution history disclaimer

**FOURTH DEFENSE**

26. The ’357 patent is invalid for failure to meet one or more of the requirements set forth in 35 U.S.C. § 101 *et. seq.*

**FIFTH DEFENSE**

27. The ’357 patent is invalid for functionality.

**SIXTH DEFENSE**

28. Bon Chef has done nothing to falsely advertise.

**SEVENTH DEFENSE**

29. Oneida’s damages claims are barred by failure to comply with the requirements of 35 U.S.C. §§ 286 and/or 287.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant/Counter-plaintiff Bon Chef, reserving the right to amend its pleadings to add additional defenses and counterclaims if warranted by discovery in this case, prays for the follow relief:

(a) Declaring that the ’357 patent is invalid, unenforceable and/or void;

(b) Declaring that Bon Chef has not infringed any valid and enforceable claim of the '357 patent;

(c) Declaring that Bon Chef has not engaged in false advertising;

(d) Ordering that Oneida’s Complaint be dismissed with prejudice, and that Oneida takes nothing by its Complaint;

(e) Enjoining Oneida, and any other party claiming rights through Oneida and any other party in privity with Oneida, from charging infringement of the ’357 patent against Bon Chef or anyone in privity with Bon Chef, including its successors, assigns, agents and customers;

(e) Awarding Bon Chef its costs and attorneys’ fees under, inter alia, 35 U.S.C. §285; and

(f) Awarding Oneida such further legal and equitable relief as the Court may deem just and proper.

Dated: January 27, 2012

Respectfully submitted,

/s/ John T. Johnson

John T. Johnson (BRN 507058)
E-mail: JJohnson@fr.com
Tel.: (212) 765-5070
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorneys for Defendant
BON CHEF, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the **DEFENDANT BON CHEF, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Louis Orbach, Esq. at lorbach@bsk.com.

Dated: January 27, 2012

/s/John T. Johnson

John T. Johnson (BRN 507058)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorney for Defendant
BON CHEF, INC.